## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Criminal No. 2016/21 |
| **NICOLETTE ALEXANDER** | |
| **Defendant.** | |

## PLEA AGREEMENT

### I. PARTIES TO THE AGREEMENT

This agreement is entered into by and between the United States of America, by and through its counsel, Gretchen C.F. Shappert, United States Attorney for the District of the Virgin Islands, and Melissa P. Ortiz., Assistant United States Attorney, and defendant Nicolette Alexander and John K. Dema, Esq., attorney for defendant.

This agreement specifically excludes and does not bind any other federal, territorial, state or local prosecuting authorities, or any federal agency, including the Internal Revenue Service, and other administrative or regulatory authorities, from asserting any civil, criminal or administrative claim against the defendant.

### II. TERMS

The parties agree to the following terms:



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 2

    a.    Defendant will plead guilty to Count 1 (Conspiracy to Defraud the United States) of the Superseding Indictment. Count 1 charges a violation of Title 18, United States Code, Section 286, which carries the following maximum penalties:

    1.    up to a term of incarceration of ten years under 18 U.S.C. § 286;

    2.    a year term of supervised release for not more than three years under 18 U.S.C. § 3583(b)(2). Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release;

    3.    a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3);

    4.    a special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); payable forthwith;

    5.    possible ineligibility for certain Federal benefits;

    6.    restitution under Title 18, United States Code, Sections 3663 and 3663A payable forthwith; and

United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 3

    b.    On Count 1 of the Superseding Indictment, Defendant acknowledges that the government can prove the following essential elements beyond a reasonable doubt:

- First, that Defendant and at least one other person made an agreement to defraud the United States;

- Second, that Defendant knew the unlawful purpose of the agreement and joined in it with the intent to further the unlawful purpose; and

- Third, that the agreement was to defraud the United States, or any department or agency thereof, by obtaining or aiding to obtain the payment or allowance of any claim based on a false, fictitious or fraudulent material representation.

    c.    Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count 1 of the Superseding Indictment. In pleading guilty, defendant acknowledges that should the case go to trial, the government could present evidence to prove the charge beyond a reasonable doubt. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with

United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 4

defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant further understands that the conviction in this case **may subject** Defendant to various collateral consequences, including but not limited to deportation, removal or other adverse immigration consequences; revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw Defendant's guilty plea. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court. No one has threatened Defendant or Defendant's family to induce this guilty plea.

  d. **Factual Basis.** Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 5

From January 2011 to July 2012, Defendant and others participated in a scheme to steal money from the United States treasury by fraudulently obtaining federal income tax refunds. The scheme involved: a) the acquisition of personal identifying information (PII) of individuals (i.e. name, social security number, and date of birth); b) the acquisition of bank account and prepaid debit card numbers for the deposit of falsely claimed refunds; c) the filing of tax returns with a designation of refunds to the acquired bank accounts or debit cards; and d) the withdrawal of illegal refund deposits. Each defendant participated in one or more of these phases.

Defendant and her co-conspirators caused income tax returns, for tax years 2010 and 2011, to be electronically filed in the individuals' names using their correct social security number and date of birth. However, they falsified the income earned, tax withholding amount, credits, address, employer, occupation, and other information and thereby claimed refunds to which they were not entitled. The defendants designated bank accounts or prepaid debit cards for receipt of the refunds. Defendant and her co-conspirators withdrew the deposited refunds, spent them using a debit card or transferred them to other accounts, all for personal use.

As a result of the scheme, approximately $17,537 of falsely-claimed returns was designated for deposit into Defendant's bank account, of which approximately $17,537 was actually deposited therein. Defendant participated with at least one co-conspirator who had falsely-claimed refunds designated for deposit into their bank accounts during the above-referenced timeframe. This co-conspirator and the amount designated for deposit to her bank account is: Nisha Braithwaite- $8,400, which represents amounts designated for deposit to bank account of Nisha Braithwaite 10/7/2011 and after).

e. The United States Attorney for the District of the Virgin Islands agrees to dismiss any remaining charges with prejudice at the time of sentencing.



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 6

Additionally, the United States Attorney for the District of the Virgin Islands will not file any further criminal charges against defendant arising out of the same transactions or occurrences to which the defendant has pled.

f. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

g. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Removal and other immigration consequences is the subject of a separate civil proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nonetheless affirms that he wants to plead guilty regardless of any immigration consequences that his conviction may entail, even if the consequence is his automatic removal from the United States.

h. The United States represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The United States will continue to provide such information establishing the factual innocence of defendant.



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 7

    i.    Defendant understands that if this case proceeded to trial, the United States would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the United States would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, Defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

    j.    Defendant acknowledges, understands, and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform will constitute a material breach of this agreement. Defendant acknowledges, understands, and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

    1.    Failing to plead guilty pursuant to this agreement;

    2.    Withdrawing the guilty plea or attempting to withdraw the guilty plea;



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 8

  3. Failing to fully accept responsibility as noted below;

  4. Failing to appear in court;

  5. Failing to abide by any lawful court order related to this case;

  6. Appealing or collaterally attacking the sentence or conviction in violation of this plea agreement; or

  7. Engaging in additional criminal conduct from the time of this plea until the time of sentencing.

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement. In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for defendant's breach.

  k. **Provisions that Survive Any Material Breach by the Defendant.** The United States may, in its sole discretion, excuse any material breach by Defendant.



United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 9

Defendant agrees that any statutes of limitations relating to any charges that were dismissed, promised to be dismissed, or not filed as a result of this agreement, are tolled as of the date of this agreement. Defendant also waives any double jeopardy defense to such charges.

Defendant agrees that: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a material breach by Defendant.

Defendant also knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and/or any other federal rule, that these statements or any evidence derived from those statements should be suppressed or are inadmissible.

United States v. Nicolette Alexander
Plea Agreement
Criminal No. 2016-21
Page 10

The provisions of this section survive any material breach by Defendant, including a failure to plead guilty, regardless of whether the United States excuses the material breach.

### III. SENTENCING GUIDELINES

The parties understand and agree that Defendant will be sentenced on Count 1 of the Superseding Indictment in accordance with the United States Sentencing Guidelines, which are advisory to the Court. Adverse rulings shall not be grounds for withdrawal of defendant's plea. The Court is not limited to consideration of the facts and events provided by the parties. The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.

The United States and Defendant agree to recommend a sentence based on the following Sentencing Guidelines calculations for Count 1:

| GUIDELINES CALCULATION ||
|---|---|
| **GUIDELINE SECTION** | **OFFENSE LEVEL** |



United States v. N. Alexander
Plea Agreement
Criminal No. 2016-21
Page 11

| GUIDELINES CALCULATION | |
|---|---|
| Base Offense Level: § 2B1.1(a)(2) (Conspiracy to Defraud the United States) | 6 |
| Special Offense Characteristic: §§2B1.1(b)(1)(C); 1B1.3(a)(1)(B); and Application Note 3 (since loss attributable to defendant exceeds $15,000) | 4 |
| § 3E1.1 (Acceptance of Responsibility[1]) <br><br> The Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following: <br><br> 1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement; <br><br> 2. Falsely denies prior criminal conduct or convictions; <br><br> 3. Is untruthful with the Government, the Court or probation officer; or <br><br> 4. Breaches this plea agreement in any way. | -2 |

---

[1] The government agrees to recommend that the defendant receive credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG § 3E1.1. Assuming the defendant does in fact accept responsibility, the government agrees to also file a motion requesting that the defendant receive an additional one point decrease in the offense level as contemplated by USSG § 3E1.1(b), so long as: (i) the Court determines that the total combined offense level is 16 or greater

United States v. N. Alexander
Plea Agreement
Criminal No. 2016-21
Page 12

| GUIDELINES CALCULATION | |
|---|---|
| ADJUSTED OFFENSE LEVEL | 8 |
| GUIDELINE SENTENCING RANGE | 0 to 6 months |

a. <u>Criminal History Category</u>. The parties have no agreement as to defendant's Criminal History Category (CHC), except that, if Defendant is determined to be a Career Offender, the parties agree that Defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b). However, based upon the information currently in the parties' possession, the parties believe defendant to be in CHC 1. Should defendant's CHC be greater than I, the parties agree to apply that CHC to the applicable guideline range for the calculations set forth above.

b. <u>Sentencing Recommendation.</u> The government agrees to recommend a sentence at the lower end of the applicable guideline range, as calculated above and based on the defendant's CHC.

---

prior to the operation of USSG § 3E1.1; (ii) the defendant returns a signed copy of this plea agreement to the undersigned no later than May 14, 2021; and, (iii) the defendant thereafter actually enters a plea of guilty at the time scheduled.



c. <u>Fine Range.</u> If the offense level is 10, the fine range is $4000 to $40,000. If the offense level is 8, the fine range is $2000 to $20,000 (USSG § 5E1.2(c)(3)).

d. <u>Supervised Release.</u> The Sentencing Guidelines require a term of supervised release of at least 1 year but no more than 3 years (USSG 5D1.2(a)(2)). The United States will recommend a term of three years of supervised release. Defendant acknowledges and agrees that he/she may not seek an early termination of the term of supervised release absent express consent by the United States Attorney for the District of the Virgin Islands.

e. <u>Adjustments/Departures.</u> The parties agree that there are no grounds for adjustments or departure from the applicable guideline range. Any request by the parties for an adjustment or departure not enumerated in this Agreement will constitute a material breach and be grounds for withdrawal from the same.

g. <u>Substantial Assistance.</u> If Defendant agrees to provide substantial assistance in the investigation or prosecution of another person, as defined in Fed. R. Crim. P. 35, or otherwise agrees to cooperate with the United States Attorney, a supplement to this plea agreement shall be submitted to the Court by the parties, in camera or under seal, and shall specifically refer to this Plea Agreement and shall define the terms of such assistance or cooperation, if any.



## V. FINANCIAL TERMS

a. Defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees that whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to Title 18, United States Code, Section 3613.

b. Defendant agrees to fully disclose all assets in which she has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein, which is incorporated into this Plea Agreement, by the earlier of 14 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in his economic circumstances, as described in 18 U.S.C. §§ 3572(d)(3) and 3664(k), within seven days of the event giving rise to the changed circumstances.

United States v. N. Alexander
Plea Agreement
Criminal No. 2016-21
Page 15

 c. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on her. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

 d. Defendant agrees, prior to sentencing, to pay the Clerk of Court the sum of $100.00, which shall be held by the Clerk to satisfy whatever monetary penalties are imposed by the Court.

 e. Defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

## VI. WAIVER

 a. **At Sentencing.** If Defendant believes the Government's recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

 b. **Waiver of Appeal.** Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. In exchange for the concessions made by the United States in this plea agreement, the defendant expressly waives: (1) the right to appeal his conviction, any

United States v. N. Alexander
Plea Agreement
Criminal No. 2016-21
Page 16

sentence within the maximum provided in the statute(s) of conviction, and the manner in which that sentence was determined, on any ground whatsoever; and (2) the right to file any collateral attack, or any other writ or motion, including but not limited to a motion under 28 U.S.C. § 2255, which challenges her conviction or the sentence imposed by the court, with the exception of a claim of ineffective assistance of counsel.

## VII. VICTIM RESTITUTION

a. Defendant shall make full restitution to the United States Government in an amount determined by the United States Office of Probation.

b. Defendant agrees that notwithstanding any payment schedule imposed by the Court, the United States may take any and all actions authorized by law to collect the maximum amount of restitution in the most expeditious manner available.

## VIII. MISCELLANEOUS

a. No modification of this plea agreement shall be effective unless in writing signed by all parties.

b. By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant

has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

    c. Defendant has consulted with counsel and is satisfied with counsel's representation.

    d. This agreement shall become effective upon execution by Defendant, but <u>only if such execution occurs no later than May 14, 2021</u>. Absent such timely execution, this agreement shall be deemed null and void.

GRETCHEN C.F. SHAPPERT
United States Attorney

DATE: May 10, 2021

_____
RHONDA WILLIAMS-HENRY
Deputy Criminal Chief

DATE: May 10th, 2021

_____
MELISSA P. ORTIZ
Asst. U.S. Attorney

DATE: May 10, 2021

_____
JOHN K. DEMA, ESQ.
Attorney for Defendant

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATE: May 10, 2021

_____
NICOLETTE ALEXANDER
Defendant

